UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIN JUSTICE,

                Plaintiff,

v.

JOSEPH SCHMIDT,

                Defendant.

_____/

Case No. 2:26-cv-10211

HONORABLE STEPHEN J. MURPHY, III

## ORDER TRANSFERRING CASE

Erin Justice is currently confined at the Thumb Correctional Facility in Lapeer, Michigan. ECF No. 1, PageID.1. He alleged that Defendant Joseph Schmidt, a corrections officer, violated his right to religious freedom under the First and Fourteenth Amendments to the United States Constitution and the Religious Land Use and Institutionalized Persons Act while he was incarcerated at the Brooks Correctional Facility. ECF No. 1, PageID.1–2. For the following reasons, the Court will transfer the case to the United States District Court for the Western District of Michigan.

Venue is proper in "(1) the judicial district where any defendant resides, if all defendants reside in the same state, (2) the judicial district where a substantial part of the events or omissions giving rise to the claim occurred, or (3) the judicial district where any defendant may be found, if there is no other district in which the action may be brought." *Bunting ex rel. Gray v. Gray,* 2 F. App'x 443, 448 (6th Cir. 2001) (citing 28 U.S.C. § 1391(b)).

1

Here, venue is not proper in the Eastern District of Michigan. First, public officials "reside" in the county where they serve when they are sued in their official capacities. *See O'Neill v. Battisti,* 472 F.2d 789, 791 (6th Cir. 1972). And Plaintiff sued Defendant Schmidt in both his individual and official capacities. *See* ECF No. 1, PageID.1. Therefore, Defendant, at least in his official capacity, resides in the Western District of Michigan. Second, the complaint alleged that the events at issue "occurred at the Brooks Correctional Facility" in Muskegon Heights, Michigan. Muskegon Heights is located in the Western District of Michigan. *See* 28 U.S.C. § 102(b)(1). Accordingly, the action should have been brought in the Western District.

If a court concludes that venue is improper, it has two options. It may dismiss the case, "or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). A district court must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Tx.,* 571 U.S. 49, 62–63 (2013) (citing 28 U.S.C. § 1404(a)).

Here, the interest of justice warrant transfer rather than dismissal. Given that Plaintiff is currently confined in prison, the Court finds that transferring rather than requiring Plaintiff to refile the case is the more convenient and just course of action.

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court shall **TRANSFER** the case to the United States District Court for the Western District of

Michigan pursuant to 28 U.S.C. § 1406(a).

  **SO ORDERED.**

          s/ Stephen J. Murphy, III
          STEPHEN J. MURPHY, III
          United States District Judge

Dated: April 8, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 8, 2026, by electronic and/or ordinary mail.

          s/ R. Loury
          Case Manager